FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
      CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01717-BNB

SCOTT P. HEDDINGS,

 Plaintiff,

v.

JACK CANTRELL, PSC Manager, FCI Englewood, and
RENE GARCIA, Warden, FCI Englewood,

 Defendants.

## ORDER OF DISMISSAL

 Plaintiff, Scott P. Heddings, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution at Englewood (FCI Englewood) in Littleton, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. He asks for money damages and injunctive relief.

 The Court must construe Mr. Heddings' filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

 Mr. Heddings has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under *Bivens*, a plaintiff must allege that the defendants have violated his rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below, the complaint and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Heddings complains that Defendants are refusing to employ him in the Federal Prison Industries, Inc., commonly referred to as FPI or by its trade name, UNICOR, based on the nature of his crime of conviction. He alleges he was convicted of a computer-related crime, and that Defendants will not employ him for any UNICOR position at FCI Englewood because all departments have computers. On the basis of these allegations, he contends his equal protection rights are being violated because he is being treated differently than inmates at UNICOR factories at other BOP institutions who do not have employment restrictions. He also alleges that he is being treated similarly to other FCI Englewood inmates convicted of computer-related crimes who previously were incarcerated at other BOP institutions where they worked in UNICOR, but have been denied such positions at FCI Englewood.

Without a federal statute or regulation proclaiming a right, Mr. Heddings does not have a constitutional right to employment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). In any event, it does not appear that Mr. Heddings is being treated differently than similarly situated inmates. He does not specifically identify any similarly situated individuals; rather, he generally complains that he is being treated differently than inmates at UNICOR factories at other BOP institutions who do not have his

employment restrictions. Such inmates are not similarly situated to him. His allegation that he is being treated similarly to other FCI Englewood inmates convicted of computer-related crimes also fails to support any claim that he is being differently than any similarly situated individual. Therefore, it is not clear that Mr. Heddings has been treated differently than any similarly situated individual. **See City of Cleburne, Tex. v. Cleburne Living Ctr.**, 473 U.S. 432, 439 (1985); **Penrod v. Zavaras**, 94 F.3d 1399, 1406 (10th Cir. 1996).

However, even if Mr. Heddings has been treated differently than other similarly situated inmates, the equal protection claim still fails. To prove an equal protection claim, a plaintiff must demonstrate (i) that similarly situated individuals were treated differently; and either (ii) if differential treatment was based on a suspect classification or fundamental right, that it was not supported by a compelling governmental interest or (iii) if the differential treatment was not based on suspect classification or fundamental right, that the treatment was not justified by a rational connection to a legitimate state interest. **See Kleinsmith v. Shurtleff**, 571 F.3d 1033, 1047 (10th Cir. 2009); **see also Freeman v. Watkins**, No. 06-cv-00405-MSK-KMT, 2010 WL 1790427, *9-10 (D. Colo. May 4, 2010) (unpublished).

Because no fundamental right or suspect classification is alleged, Mr. Heddings must demonstrate that any distinction between him and other similarly situated inmates was not reasonably related to a legitimate penological purpose. **See Penrod**, 94 F.3d at 1406; **see also Templeman**, 16 F.3d at 371. Mr. Heddings cannot state an arguable claim that there are no relevant differences between him and other inmates that

3

reasonably might account for any different treatment. *See id.* Therefore, the equal protection claim is meritless.

Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.**

DATED at Denver, Colorado, this __28th__ day of ____July____, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01717-BNB

Scott P. Heddings
Reg No. 09156-046
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk